

# NUMBER 13-20-00322-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HSPS, L.L.C. AND SAMUEL B. LAVERGNE,                    Appellants,

v.

DIXIE PIPE SALES, INC.,                                        Appellee.

### On appeal from the 267th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellants HSPS, L.L.C. (HSPS) and Samuel B. LaVergne (LaVergne), filed a joint

notice of appeal regarding a final summary judgment rendered on June 5, 2020, in favor

of Dixie Pipe Sales, Inc. (Dixie). In the underlying case, Dixie sued HSPS and LaVergne

for breach of contract, suit on a sworn account, quantum meruit, and debt based on

Dixie's sale of merchandise to HSPS and LaVergne. The summary judgment awards Dixie actual damages of $39,494.11, attorney's fees, costs, and interest.

Having resolved their dispute, the parties to this appeal have now filed a joint motion to vacate the trial court judgment and dismiss the appeal. *See* TEX. R. APP. P. 42.1(a)(1) (allowing the court to "dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled"); *id.* R. 42.1(a)(2) (allowing the court to render judgment effectuating an agreement, set aside the judgment without regard to the merits and remand, or abate the appeal and permit proceedings in the trial court to effectuate the agreement). However, the parties' requests that we both (1) vacate the trial court judgment and (2) dismiss the appeal are mutually exclusive. *Compare id.* R. 42.1(a)(1) (allowing the dismissal of an appeal by motion), *with id*. R. 42.1(a)(2)(A) (allowing the rendition of judgment by agreement); *see In re Marriage of McQueen*, 597 S.W.3d 53, 54 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (order). Upon reviewing the joint motion, however, it appears that the parties to this appeal are actually requesting that we render judgment to effectuate the parties' settlement agreement.

The Court, having examined and fully considered the joint motion, is of the opinion that it should be granted as construed. Accordingly, we grant the parties' joint motion and render judgment effectuating the parties' agreement by vacating the trial court's judgment. *See id*. R. 42.1(a)(2)(A); *see also Ruvalcaba v. Ortega*, No. 14-17-00206-CV, 2018 WL 4017013, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018, no pet.) (mem. op.). The parties do not represent that they have reached an agreement regarding the assessment of costs, and accordingly, the costs will be taxed against the party incurring same. *See*

TEX. R. APP. P. R. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at the parties' request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

NORA L. LONGORIA
Justice

Delivered and filed the
30th day of December, 2020.